UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA SOMOGYI and KELLY WHYLE SOMOGYI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORP.,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiffs, Joshua Somogyi and Kelly Whyle Somogyi ("Plaintiffs"), individually and on behalf of all other persons similarly situated, by and through the undersigned counsel, hereby file this Class Action Complaint and Jury Demand against Freedom Mortgage Corp. ("Defendant" or "Freedom Mortgage") for damages, injunctive relief, equitable relief, and any other relief deemed just and proper arising from Defendant's violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C §227, *et seq.*, and the Federal Communications Commission rules promulgated thereunder, 47 C.F.R. § 64.1200(d) and (e) ("Rules").

## NATURE OF CASE

1.      Plaintiffs bring this Class Action Complaint against Defendant to seek redress for Defendant's willful violations of the TCPA, and the Rules, by placing telemarketing phone calls to Plaintiffs' telephones using automatic telephone dialing systems ("ATDS") and/or prerecorded voices without their express written consent, and by placing telemarketing phone calls to Plaintiffs' and other class members' telephones after they had withdrawn any consent for such calls.

## JURISDICTION AND VENUE

2.      This Court has original federal question and subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq.*, and the Class Action Fairness Act of 2005, 28

U.S.C. § 1332(d).  Plaintiffs allege and believe this action occurs under the laws of the United States, and that there are:  i) 100 or more class members; ii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; iii) at least one member of the plaintiff class is from a different state than the Defendant.

3. Venue is proper under 28 U.S.C. § 1391 inasmuch as the Defendant is based here, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

4. At all times herein mentioned, Defendants corporate headquarters are in this state, and it conducted, and continues to conduct, a substantial amount of business activity and violated the TCPA and Rules, in whole or in part, in this judicial district.  Defendant is registered to conduct business in this district, and engaged in interstate commerce when it called or attempted to call Plaintiffs and Class Members when Defendant also advertised and promoted its business and derived substantial revenue in this district.

## PARTIES

5. Plaintiffs Joshua Somogyi and Kelly Whyle Somogyi are citizens of Pennsylvania.

6. Defendant Freedom Mortgage Corp. is a Delaware corporation with its principal place of business at 907 Pleasant Avenue - Suite C, Mt. Laurel, NJ  08054.

7. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the actual or apparent authority, ratification or approval of the Defendant, or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**LEGAL BASIS FOR COMPLAINT**

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227). The statute requires the FCC to promulgate rules to protect telephone subscribers' privacy rights, 47 U.S.C. § 227(c), and permits a private right of action for violations of such rules. 47 U.S.C. § 227(c)(5).

9. All telemarketing calls to cellular telephones placed using an ATDS, and all telemarketing calls using prerecorded voices to either cell numbers or residential landline numbers, violate the TCPA if the calling party does not first obtain prior express consent from the called party. 47 U.S.C. § 227(b)(i)(A)(iii) and (B). The FCC has defined prior express consent as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 464.1200(f)(8).

10. In addition, the FCC rules allow consumers to make "do-not-call" requests that companies must honor and track in internal do-not call lists. 47 U.S.C. § 227(c)(1)(A); 47 C.F.R. § 64.1200(d); 16 C.F.R. § 310.4(b)(1)(ii) and (iii). This rule applies to residential landlines as well as cell phones.

11. The TCPA provides for statutory damages of $500 for each call placed in violation of TCPA and the Rules, which may be trebled if the violation is willful. 47 U.S.C. § 227(b)(3).

## **DEFENDANT'S CONDUCT TOWARDS CLASS MEMBERS**

12.     According to former employees at Freedom Mortgage's call centers, Defendant has six call centers employing about 300 loan officers who were engaged in telemarketing of refinance opportunities to individuals who had an existing loan either originated from, or serviced by, it.

13.     When an individual contacted by a loan officer requested that calls stop, the loan officers were instructed to put a "do not call" notation in the "comments" field on a computer screen associated with that telephone number.  Such a procedure is mandated by the Rules, 47 C.F.R. § 1200(d).

14.     In violation of the Rules, managers at Freedom Mortgage call centers were instructed to, and did, delete the "do not call" entries that loan officers had made.  This was typically done after telephone calling had ended for the day.  The deletions meant that customers who had requested they not be called, would be called again, sometimes as soon as the next day.  This conduct represents willful violations of the TCPA.

15.     Further, in order to induce individuals to be responsive to their solicitations, Defendant often disguises the phone calls' origination by using "spoofing" methods that make the phone call appear as if it is coming from a local phone number.

16.     Defendant used a dialing software system marketed by Interactive Intelligence, Inc., called "Interactive Scripter."  This equipment is an Automatic Telephone Dialing System as defined by the Rules because it has the capacity to store or produce telephone numbers to be called using a random or sequential number generated and to call such numbers.  47 C.F.R. § 64.1200(f)(2).

17.     On information and belief, Defendant has made, and continues to attempt to make, phone calls to thousands of telephone customers to market its products and services after requests that the calls stop.

**FACTS RELATING TO PLAINTIFFS**

18. Plaintiffs obtained a home mortgage from Defendant in 2012.

19. The mortgage documentation did not contain terms through which the Plaintiffs provided express written consent to receive telemarketing calls using prerecorded voices on cellular or residential landline phone, or calls placed through an ATDS on their cellular phones from Defendant.

20. Plaintiffs are the owners and regular users of the residential landline telephone that is assigned a number ending in 2700. Joshua Somogyi is the regular user and the owner of the cellular telephone this is assigned a phone number ending in 4292 and was the regular user of the telephone assigned numbers ending in 3025 and 1070, at all relevant times. The latter telephone telephone was at Joshua Somogyi's former place of employment. Defendant called Plaintiffs on their residential landline beginning in 2014 or 2015 through August 8, 2017, using prerecorded voices, and also called Plaintiff Joshua Somogyi on his cellular phone using either precorded voices or an ATDS, and on his work phone multiple times between 2014 and 2016. All of these calls were for the purpose of marketing products and/or services in each case, mortgage refinancing. Defendant placed these phone calls without prior express written consent of Joshua Somogyi.

21. On each telephone number, the Plaintiffs requested in the first calls that they answered that further calls cease. On each line, calls continued.

22. Defendant continued to call Plaintiffs on each of the lines despite their requests to "opt-out" of receiving further telemarketing calls made during the first call they answered at each number. Although Plaintiffs wanted the calls from Defendant to cease, Defendant continued to call.

## CLASS ACTION ALLEGATIONS

23. In order to redress injuries caused by Defendant's violations of the TCPA and Rules, Plaintiffs, on behalf of themselves and a class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq*.

24. On behalf of the Plaintiff Classes, Plaintiffs seek an injunction requiring Defendant to cease all calls to consumers who have requested that they stop calling customers for telemarketing purposes and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

25. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of themselves and the following class defined as follows (the "Call Stop Class"):

> All individuals in the United States who received telemarketing phone calls sent by or on behalf of Defendant to the individual's telephone from September 1, 2013 to the date the Class is certified, where the individuals contacted had previously requested that Defendant stop calling.

26. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), on behalf of themselves and the following class ("the Landline Non-Consent Class"):

> All individuals in the United States who received on their residential landline telephones, telemarketing phone calls sent by or on behalf of Defendant using an artificial or prerecorded voice, from September 1, 2013 to the date the Class is certified, without prior express written consent.

27. Plaintiff Joshua Somogyi bring this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the following class (the "Cellular Non-Consent Class"):

> All individuals in the United States whose telephone numbers had been assigned to cellular phones, and who received phone calls sent by or on behalf of Defendant placed through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, from September 1, 2013 to the date the Class is certified, without prior express written consent.

28. The following individuals are excluded from the Classes: (1) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former officers and directors; (2) persons who properly execute and file a timely request for exclusion from the Class; (3) the legal representatives, successors or assigns of any such excluded persons; and (4) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

29. Plaintiffs reserve the right to amend the Class definitions and to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. Plaintiffs and Class Members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiffs and the Class members despite requests that the calls stop, thereby invading the privacy of Plaintiffs and Class Members, and subjecting Plaintiffs and the Class members to annoying and harassing calls that constitute a nuisance.

## NUMEROSITY

31. The exact size of the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

32. Defendant has about 300 employees engaged in placing phone calls at six locations. On information and belief, it placed phone calls to thousands of consumers who fall into the definitions of the Classes. Members of the Class can be easily identified through Defendant's records.

## COMMONALITY

33. There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class.

34. Common questions for the Classes include, but are not necessarily limited to the following:

   a. For the Call Stop Class, whether Defendant had a practice of deleting "do not call" entries from its computer system;

   b. For the Landline Non-Consent Class, whether Defendant had a practice of calling its customers for telemarketing purposes on their residential landline phones using prerecorded voices without the customers' prior express written consent;

   c. For the Cellular Non-Consent Classes, whether Defendant had a practice of calling its customers for telemarketing purposes on their cell phones using ATDS or prerecorded voices without the customers' prior express written consent;

   d. Whether Defendant's conduct violated the TCPA;

   e. Whether Class members are entitled to treble damages based on the willful and/or knowing nature of Defendant's conduct; and

   f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

## TYPICALITY

35. Plaintiffs' claims are typical of the claims of the other members of the Classes.

36. Plaintiffs and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiffs and the Classes.

## ASCERTAINABILITY

37. Class Members can be ascertained through Defendant's records.

38. The Classes contain individuals to whom Defendant originated, acquired, or serviced loans. On information and belief, Defendant maintains computerized records showing the names and addresses, as well as telephone numbers, of the individuals called for telemarketing purposes.

39. On information and belief, with respect to the Call Stop Class, where a deletion has been made from the "comment" field of a telemarketing record, Defendant's computer system will maintain a record that such a deletion occurred. Accordingly, membership in the Class can be determined by simple database searches for names associated with deletions in the "comments" field.

40. With respect to the Non-Consent Classes, Defendant's records can easily be sorted to separate numbers assigned to cell phone from numbers assigned to landlines. Any affirmative defense of consent by Defendant must be established by Defendant from its own records.

## ADEQUACY OF REPRESENTATION

41. Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions involving violations of federal and state consumer protection statutes, including claims under the TCPA.

42. Plaintiffs have no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

## SUPERIORITY

43. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. Classwide relief is essential to compel Defendant to comply with the TCPA.

44. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

45. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA and Rules complained of herein are substantially likely to continue in the future if an injunction is not entered.

## **CLAIM FOR RELIEF**

**(Violations of The Telephone Consumer Protection Act 47 U.S.C §227, *et seq.*)**

46. Plaintiffs re-allege each and every allegation of this Complaint contained in each of the previous paragraphs inclusive as if more fully set forth herein.

47. Defendant placed phone calls to consumers after the consumers requested that they stop for the purpose of marketing products and/or services to Plaintiffs and the Plaintiff Class Members.

48. Defendant's acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

49.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, and accompanying regulations, Plaintiff and each member of the Classes are entitled to damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

50.     Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.  Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs individually and on behalf of the Plaintiff Classes demand judgment against Defendant on each of the above- referenced claims as follows:

a.  An order certifying this matter as a class action pursuant to Federal Rules of Civil Procedure 23 with Plaintiffs as Class Representatives;

b.  An order designating Berger & Montague, P.C. and Mahany Law Firm as Class Counsel;

c.  An award of actual and statutory damages of $500 for each and every statutory violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

d.  An award of actual and statutory damages of up to $1,500 for each and every willful/and or wanton violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

e.  Injunctive relief prohibiting such violations of the TCPA and Rules by Defendant in the future;

f.  Pre-judgment interest on monetary relief;

g.  Post-judgment interest on monetary relief; and

h.  All other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs requests a trial by jury on all issues so triable.

Dated:  August 30, 2017 BERGER & MONTAGUE, P.C.

By: /s/ Eric Lechtzin
    Eric Lechtzin (N.J. Bar No. 011841992)
    Lawrence J. Lederer
    Arthur Stock
    1622 Locust Street
    Philadelphia, PA  19103
    Tel.:    215/875-3000
    Fax:    215/875-4604
    Email:  elechtzin@bm.net
            llederer@bm.net
            astock@bm.net

MAHANY LAW FIRM
Brian Mahany
Anthony E. Dietz
P.O. Box 511328
Milwaukee, WI  53203
Tel.:    414/258-2375
Fax:    414/777-0776
Email:  brian@mahanylaw.com
        adietz@mahanylaw.com