IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA SOMOGYI, KELLY WHYLE SOMOGYI and STEWART SIELEMAN, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>FREEDOM MORTGAGE CORP.,<br><br>     Defendant. | Case No. 1:17-cv-06546-RMB-JS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**FINAL CLASS ACTION SETTLEMENT APPROVAL ORDER AND ENTRY OF JUDGMENT**

This matter is before the Court on plaintiffs' "Motion for Final Approval of Class Action Settlement." [Doc. No. 101]. The Court held a Zoom hearing on this matter on September 10, 2020 (the "Final Approval Hearing") to determine, <u>inter alia</u>, whether the terms and conditions of the parties' Settlement Agreement are fair, reasonable and adequate, and whether final class certification and settlement approval should be granted.[1] Adequate notice of the parties' Settlement Agreement having been given to the settlement class in accordance with the Court's Preliminary Order Approving the Settlement [Doc. No. 96], and due and adequate

---

[1] The parties' Settlement Agreement has been filed with the court. [Doc. No. 89-4].

notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings in this Action, including oral argument held on September 10, 2020, and there being no objections to the settlement, and the Court otherwise being fully informed, and good cause appearing, and accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs' motion is GRANTED.[2] The Court hereby finds, concludes and Orders as follows:

1. This Final Approval Order and Entry of Judgment (the "Final Approval Order" or "Order") incorporates by reference the definitions in the parties' Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth below.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the parties' Settlement Agreement by entering the Preliminary Approval Order dated February 24, 2020 (Doc. No. 96). Notice was subsequently given to Settlement Class Members pursuant to the terms of the Preliminary Approval Order.

---

[2] The Court intends to promptly enter a comprehensive written Opinion setting forth in detail its reasons for granting plaintiffs' motion and approving the parties' settlement. This Order is being entered before entry of the Opinion in order to accelerate the distribution to the Settlement Class.

4. The Court finds that:

    (a) the Settlement Class is so numerous that joinder of all members is impracticable;

    (b) there are questions of law or fact common to the Settlement Class;

    (c) Plaintiffs' claims are typical of the claims of the Settlement Class;

    (d) Plaintiffs and Settlement Class Counsel will fairly and adequately protect the interest of the Settlement Class;

    (e) questions of law and fact common to the Settlement Class Members, including questions relevant for settlement purposes, predominate over the questions affecting only individual Settlement Class Members; and

    (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5. In light of the above findings and solely for purposes of the Settlement, the Court certifies this Action as a class action pursuant to FED. R. CIV. P. 23(a) and 23(b)(3). The Settlement Class consists of:

> All portfolio clients of FMC in the United States whose mortgages FMC serviced and who, during the Class Period September 1, 2013 through July 22, 2019, received one or more calls or voicemails made by or on behalf of FMC to any one or more of the client's cellular, voice over internet protocol

(VOIP), residential, or landline phone numbers. For purposes of the Settlement Class, FMC's "clients" means borrowers and co-borrowers, spouses, and successors-in-interest, who shall collectively be deemed one client. Excluded from the Settlement Class are (i) FMC; (ii) any affiliates of FMC; (iii) any employee of FMC or members of their Immediate Family; (iv) Plaintiffs' Counsel; (v) the Judges who have presided over the Action; (vi) those persons who file a timely and valid request to be excluded from the Settlement Class; and (vii) the legal representatives, heirs, successors and assigns of any excluded person or entity.

(Based on FMC's records, 1,523, 970 current or former FMC clients qualify as members of the Settlement Class, although FMC does not concede that any such clients were called by FMC or any FMC vendor in violation of the TCPA or otherwise.)

6. The Court appoints, solely for purposes of the Settlement, Plaintiffs Joshua Somogyi, Kelly Whyle Somogyi and Stewart Sieleman to serve as the representatives of the Settlement Class.

7. The Court appoints, solely for purposes of the Settlement, Lawrence J. Lederer and Lane L. Vines of Berger Montague PC and Brian Mahany of Mahany Law Firm to serve as Settlement Class Counsel.

8. Pursuant to FED. R. CIV. P. 23, the Court approves the Settlement as set forth in the Settlement Agreement and finds that:

(a) the Settlement is fair, reasonable and adequate and is in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Settlement;

  (c) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of a well-respected mediator; and

  (d) the record is sufficiently developed and complete to have enabled Plaintiffs and FMC to have adequately evaluated and considered their positions.

 9. Accordingly, the Court authorizes and directs implementation and performance of all terms of the Settlement Agreement and this Order.  The Court hereby dismisses the Action and the claims asserted in the Action with prejudice. The Parties are to bear their own costs except as and to the extent provided in the Settlement Agreement and this Order.

 10. Upon the Effective Date, and in exchange for the benefits under the Settlement, Plaintiffs and all Settlement Class Members shall release and forever discharge the Released Parties from the Released Claims.  "Released Claims" mean any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever that arose during the Class Period, whether legal or equitable or otherwise, that actually were, or could have been, asserted in the Action including those that arise from or relate to any communications, actions or inactions by the Released Parties allegedly in violation of any provision of the TCPA or its implementing regulations or any similar claims under state statutes or

the common law, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Action based on or relating to the allegations in the Action.  Also upon the Effective Date, FMC and all Released Parties shall release and forever discharge Plaintiffs and Plaintiffs' Counsel from all claims, counterclaims or causes of action, whether legal or equitable or otherwise, relating to the claims at issue in the Action, provided, however, that FMC does not release any other claims or potential claims including, but not limited to, any claims relating to the payment by any person or entity of any amounts due on any mortgage that may be serviced by FMC.  Any person who knowingly violates the foregoing injunction shall pay the attorney's fees and costs incurred by Defendant and/or any other Released Party as a result of the violation.

11. In connection with and as part of the Released Claims, Plaintiffs and Settlement Class Members expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Notwithstanding California or other law, Plaintiffs and Settlement Class Members expressly agree that, in connection with and as part of the Released Claims, the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law in connection with the Released Claims and any unknown claims that are substantially similar to or overlap with the Released Claims; and also agree and acknowledge that the foregoing is an essential term of the releases provided herein.  Plaintiffs and Settlement Class Members also agree and acknowledge in connection with and as part of the Released Claims that they may discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are substantially similar to or overlap with the Released Claims, are hereby released, relinquished and discharged.

12.    The Notice given to the Settlement Class was the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and constituted due and sufficient notice to all persons.  The form and method of the Notice fully satisfied the requirements of FED. R. CIV. P. 23 and due process.  Thus, it is hereby

determined that all Settlement Class Members are bound by this Final Approval Order.

13. This Court finds that FMC properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Settlement Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that more than ninety (90) days have elapsed since FMC provided the required notice, as required by 28 U.S.C. § 1715(d).

14. The Plan of Allocation proposed by Settlement Class Counsel set forth in the Notice, whereby each Settlement Class Member who timely submits a valid Claim Form will receive an equal share of the Net Settlement Fund, is hereby approved.

15. Neither the Settlement nor the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement or the Settlement Agreement:

(a) shall be offered or received against any of the Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Parties or the validity, or lack thereof, of any claim or counterclaim, or the existence of any class that has been or could have been asserted in the Action or in any other litigation against FMC, or the deficiency of

any defense that has been or could have been asserted in the Action or in any other litigation against FMC, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

      (b)    shall be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Released Parties as evidence of any infirmity in the claims asserted in the Action;

      (c)    shall be offered or received against any of the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Parties may refer to the Settlement Agreement and Settlement to effectuate the liability protection granted them hereunder; and

      (d)    shall be construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

16. Any of the Parties may file the Settlement Agreement and/or this Final Approval Order in any other action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Final Approval Order and Entry of Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation and enforcement of the Settlement Agreement.

18. Except as otherwise provided in the Parties' Settlement Agreement, in the event the Settlement and the Settlement Agreement are terminated or if the Effective Date fails to occur for any reason, the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of the date of execution of the Settlement Agreement, and except as otherwise expressly provided, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of the Settlement.

19. The Parties have consented to this Court presiding over all proceedings concerning the Parties' Settlement pursuant to 28 U.S.C. § 636(c)(1) as set forth in the Settlement Agreement, and this Court has accordingly so presided and continues to so preside.

20. There is no just reason for delay in the entry of this Final Approval Order and Entry of Judgment and immediate entry by the Clerk of the Court is expressly directed. This matter having been settled and resolved, the Clerk of the Court shall close this matter.

IT IS SO ORDERED:

DATED: September 14, 2020

_____
Magistrate Judge Joel Schneider