IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA SOMOGYI, KELLY WHYLE SOMOGYI and STEWART SIELEMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORP.,<br><br>Defendant. | Case No. 1:17-cv-06546-RMB-JS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**<u>ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PAYMENT OF SERVICE AWARDS</u>**

This matter is before the Court on plaintiffs'[1] "Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Awards" (the "Fee Motion"). There is no opposition to the motion. The Court held a Zoom hearing on this matter on September 10, 2020 (the "Final Approval Hearing") to determine whether to grant this motion. The Court has considered the Fee Motion and all other submissions and arguments in connection therewith, including the

---

[1] Unless otherwise stated, all capitalized terms used herein are as defined in the Stipulation and Agreement of Settlement filed with the Court on August 1, 2019 (Dkt. 89-4) (the "Settlement Agreement"). The Court intends to promptly enter a comprehensive written Opinion setting forth in detail its reasons for granting plaintiffs' motion. The parties consented to the jurisdiction of this Court to decide this motion. [Doc. No. 88].

memorandum of law in support thereof, the Declaration of Lawrence J. Lederer, Esquire, the declarations and other documents attached thereto, and all additional papers and argument filed in connection therewith and during the Final Approval Hearing and all other prior proceedings in this litigation.  Adequate notice of the Settlement and the Fee Motion having been given to the Settlement Class in accordance with the Court's Preliminary Approval Order preliminarily approving the Settlement (Doc. No. 96), and the Court having considered all other papers and proceedings in this matter, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs' motion is GRANTED.[2]  The Court hereby finds, concludes and Orders as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including members of the Settlement Class.

2. Notice of the Fee Motion was provided to putative Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the FED. R. CIV. P. and the requirements of due process.

3. Settlement Class Members were timely and properly given the opportunity to object to the Fee Motion in compliance with Rule 23(h)(2) of the FED. R. CIV. P.

4. No Settlement Class Member objected to the Fee Motion.

---

[2] The parties' Settlement Agreement has been filed with the court. [Doc. No. 89-4].

5. The Fee Motion is granted. Plaintiffs' Counsel are hereby awarded a total attorneys' fee in the amount of $3,000,000, or approximately 31.58% of the total $9.5 million gross Settlement Amount.

6. In addition, Plaintiffs' Counsel are also awarded $61,198.75 total in reimbursement of Litigation Expenses they incurred and disbursed in prosecuting this litigation for the Settlement Class. The fees and expenses to be paid to Plaintiffs' Counsel shall not be disbursed any earlier than the settlement payments to the Settlement Class.

7. In making this award of attorneys' fees and expenses to be paid from the Settlement, the Court has considered and found that:

   a. The Settlement has created a non-reversionary settlement fund of $9.5 million in cash and remedial relief for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order;

   b. Settlement Class Members who timely submit valid Claim Forms will benefit from the Settlement because of the efforts of Plaintiffs' Counsel, and all Settlement Class Members will benefit automatically from the corporate remedial relief that is also a material part of the Settlement;

      c.      The fee sought by Plaintiffs' Counsel is fair and reasonable in the circumstances of this case and supported by Plaintiffs, and no objections from any member of the Settlement Class has been received to the Fee Motion;

      d.      The Plaintiffs have each submitted sworn declarations in support of the Settlement and the Fee Motion;

      e.      The notice mailed to putative Settlement Class Members stated that Plaintiffs' Counsel would seek attorneys' fees of up to one-third of the Settlement Amount, or $3,166,666.67 total, and reimbursement of up to $85,000 in Litigation Expenses, and further directed Settlement Class Members to a website on which the Fee Motion and other information concerning the Settlement was accessible shortly after being filed with the Court, and no objections to the Fee Motion were made as stated above;

      f.      This Action has been prosecuted with skill, perseverance, and diligence as reflected by the Settlement achieved and the positive reception of the Settlement by the Settlement Class;

      g.      The Action involved complex factual and legal issues that were skillfully researched and developed by Plaintiffs' Counsel, and vigorously disputed by defendant Freedom Mortgage Corp. ("FMC");

      h.      Had the Settlement not been achieved, a significant risk existed that Settlement Class Members may have recovered significantly less than the

Settlement reached or nothing from defendant FMC or that no class would be certified by the Court;

      i.      Public policy considerations also support the requested fee in that Plaintiffs' Counsel undertook this litigation on a contingent basis, dedicating significant resources to successfully prosecute this Action on behalf of the Settlement Class; and

      j.      The amount of attorneys' fees awarded and expenses reimbursed is reasonable and appropriate to the specific circumstances of the Action.

8.      Plaintiffs Joshua Somogyi, Kelly Whyle Somogyi and Stewart Sieleman are each awarded $5,000 payable from the Settlement Amount in view of their participation and contributions to this litigation and representation of and service to the Settlement Class.

9.      There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   September 14  , 2020

                                                                MAGISTRATE JUDGE JOEL SCHNEIDER